UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ADEL ABUZAID, ZAID ABUZAID,
ARREF H.KASSEM, MOHAMED
MOHAMED,

                            Plaintiffs,

  -against-                                                      1:08-CV-1213 (LEK/RFT)

JAMIE WOODWARD, Acting Commissioner,
New York State Department of Taxation and
Finance,

                            Defendant.

**MEMORANDUM-DECISION AND ORDER**

      Presently before the Court is a Motion (Dkt. No. 57) filed by Defendant Jamie Woodward ("Defendant") seeking reconsideration of this Court's February 19, 2010 Decision and Order (Dkt. No. 53) granting summary judgment with regard to Plaintiffs Zaid Abuzaid and Arref H. Kassem (Plaintiffs"). For the reasons below, Defendant's Motion is denied.

**I.    BACKGROUND**

      In its February 19, 2010 Decision and Order ("the February Order"), this Court granted summary judgment for Plaintiffs, holding that subjecting them to penalties under New York Tax Law § 481(1)(b) subsequent to their prior criminal prosecution for the same conduct constituted double jeopardy in violation of the Fifth Amendment. Dkt. No. 53. The Court based its decision, in part, on its findings that New York Tax Law § 481(1)(b) "imposes penalties for the possession of

1

unlawfully stamped cigarettes, not for failure to pay taxes owed . . . .[and] that retailers, such as Plaintiffs, do not have any civil tax obligation to pay cigarette tax to the state." Id. at 14.

The Court made this finding after a careful reading of New York Tax Law §§ 481 and 471. The Court was assisted in this task by thorough briefing by the parties. In interpreting the statutory scheme, the Court found that New York Tax Law § 471(2) supports the above construction as that section makes

> explicit that "the tax [on cigarettes] shall be advanced and paid by the agent. The *agent* shall be liable for the collection and payment of the tax on cigarettes imposed by this article and shall pay the tax to the tax commission . . ." Thus, stamping agents, but not retailers or those further down the distribution chain are obligated to pay the tax.

Decision and Order (Dkt. No. 53) at 14 (quoting N.Y. TAX LAW § 471(2)) (emphasis supplied).

Defendant asserts that the above findings constitute a clear error of law, and alleges that the Court ignored the overall legislative scheme embodied in the New York Tax Law and failed to follow cannons of statutory construction. See generally Def.'s Mem. in Supp. of Mot. for Reconsideration (Dkt. No. 57-4) ("Def.'s Mem."). Defendant, therefore, seeks reconsideration of the Court's February Order. Dkt. No. 57.

## II. STANDARD OF REVIEW

The Court applies a strict standard when reviewing a motion for reconsideration, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). In this District, there are only three grounds upon which a court may grant a motion for

reconsideration: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. Bath Petroleum Storage, Inc. v. Sovas, 136 F. Supp. 2d 52, 56 (N.D.N.Y. 2001) (Kahn, *J*) (citing In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995); see also Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). Reconsideration is not appropriate "when the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

**III.    DISCUSSION**

Defendant asserts that the Court's findings regarding the tax liability imposed by New York Tax Law § 471 constitute a clear error of law. Def.'s Mem. (Dkt. No. 57-4) at 3. Specifically, Defendant argues that under § 471, all cigarettes are presumed taxable; that "all cigarettes within the state are subject to tax until the contrary is established, and the burden of proof that any cigarettes are not taxable hereunder shall be upon the person in possession thereof," see N.Y. TAX LAW § 471(1); and, that as a result, Plaintiffs, though retailers and not stamping agents, were indisputably in possession of untaxed cigarettes for purpose of sale, and hence, are liable for the cigarette tax. See generally Def.'s Mem. (Dkt. No. 57-4). The great majority of Defendant's Memorandum supporting its Motion for Reconsideration reiterates the arguments Defendant advanced in its prior submissions to suggest that § 471(1) establishes tax liability on Plaintiffs. Defendant is thus attempting to relitigate the same issues already decided in the Court's February Order. Reconsideration shall not be granted on such a basis. Shrader, 70 F.3d at 257.

To the extent that Defendant does raise issues that he asserts have not previously been litigated, the Court rejects the conclusions Defendant draws. Contrary to Defendant's assertion, § 471(1) simply does not speak to the question of who is liable for paying the cigarette tax; it establishes only that there is a presumption that cigarettes are taxable and that the burden of proving otherwise rests on the possessor. N.Y. TAX LAW § 471(1). Section 471(2) does speak to the party responsible for the payment of the cigarette tax and clearly places such liability on stamping agents. N.Y. TAX LAW § 471(2) ("The agent shall be liable for the collection and payment of the tax on cigarettes imposed by this article and shall pay the tax to the tax commission by purchasing, under such regulations as it shall prescribe, adhesive stamps of such designs and denominations as it shall prescribe.").

Defendant introduces case law that ostensibly supports an opposite, and in his view, correct interpretation of New York Tax Law § 471, namely, that New York Tax Law § 471(1) imposes the tax on any person possessing cigarettes for sale. Def.'s Mem. (Dkt. No. 57-4) at 7-8. In support of this reading, Defendant cites to cases from the Eastern District of New York involving cigarette wholesalers that are state-licensed stamping agents, and which were found liable for violations of the Contraband Cigarette Trafficking Act. See id. (citing City of New York v. Milhelm Attea & Bros., Inc., 550 F. Supp. 2d 332, (E.D.N.Y. 2008); City of New York v. Golden Feather Smoke Shop, Inc., 2009 WL 705815 (E.D.N.Y. March 16, 2009)). As an initial matter, the Court notes that the cases Defendant cites fail to meet the standard for which a grant of reconsideration is appropriate. See Shrader, 70 F.3d at 257 ("reconsideration will generally be denied unless the moving party can point to *controlling decisions* . . . that the court overlooked.") (emphasis added).

4

Moreover, the cases Defendant cites do not persuade this Court that its prior findings were in error. In Milhelm Attea, the court found that "[t]he clear language of § 471(1) imposes a 'tax on all cigarettes possessed in the state' except those cigarettes the state lacks the power to tax." Id. at 346. This, of course, does not answer the question of whether retailers such as Plaintiffs are liable for that tax.[1] Rather, the court's statement reaffirms what this Court and what Plaintiffs accept, that a legislative scheme exists such that all cigarettes within the state are presumed to be taxable. Plaintiffs acknowledge as much and admit to having gone outside the scheme. For that, they accepted pleas to criminal charges brought under New York Tax Law § 1814(e).

Additionally, the Milhelm Attea court's finding that defendants in that case were in violation of the Contraband Cigarette Trafficking Act does not impact the construction given by this Court to § 471 or the outcome in the instant matter. Defendants in Milhelm Attea were wholesalers and stamping agents; they did not assert that they did not have tax liability under § 471 by reason of their status. Rather, they argued that § 471 did "not apply to cigarette sales by defendant wholesalers to reservation retailers." Id. at 346. In the instant action, Plaintiffs contend that § 471 imposes tax liability on stamping agents, but not on retailers. As noted in the Court's February Order, this claim is amply supported.

For the reasons above, Defendant's Motion for reconsideration (Dkt. No. 57) is denied.

---

[1] The Milhelm Attea court appears to acknowledge as much, noting, "The clear language of § 471(1) imposes a 'tax on all cigarettes possessed in the state' except those cigarettes the state lacks the power to tax. Section 471(2) goes on to require that stamping agents 'purchase stamps and affix such stamps in the matter prescribed to packages of cigarettes to be sold within the state.' The plain, mandatory phrasing of the statute sets forth a requirement that stamping agents affix tax stamps to all cigarettes the state has the power to tax, which includes those sold by reservation retailers for re-sale to the public." Milhelm Attea, 550 F. Supp. 2d at 346.

### IV. CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion for reconsideration (Dkt. No. 57) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   May 12, 2010
         Albany, New York

Lawrence E. Kahn
U.S. District Judge